CHASTAIN *et al. v.* HIGDON *et al.*

Where plaintiffs in partition claim under a sheriff's deed to them, reciting a sale of two thirds of the land by execution for State and county taxes, and also under a writing in which the defendants' grantor acknowledges himself to be plaintiffs, tenant as to that amount of the land (he having held the land for them as well as for himself, for fourteen years before this proceeding, and claiming to have bought an undivided third), it is error to award a nonsuit.
December 9, 1889.

Partition. Nonsuit. Landlord and tenant. Privies in estate. Before Judge WINN. Fannin superior court. May term, 1889.

Reported in the decision.

C. D. Phillips, E. Faw and W. F. Findley, for plaintiffs.

Thomas A. Brown and W. C. Glenn, for defendants.

Blandford, Justice.

This was a petition for partition of a certain tract of land in the county of Fannin. The plaintiffs claimed under a sheriff's deed, which recited that two thirds of the land had been sold by the sheriff under an execution for State and county taxes against Samuel Rutherford, and that the same had been purchased by E. W. Chastain and William Morris. They also claimed under a writing in which one Beaver acknowledged himself to be the tenant of Chastain and Morris for an undivided two thirds of the land. Beaver claimed to have bought an undivided third of the land. Beaver held the land for fourteen years prior to the commencement of the proceedings in this case, holding for the plaintiffs as well as for himself. He sold his interest in the land to Higdon and son. The court below nonsuited the case, and the plaintiffs excepted.

We think it is quite clear that as to Beaver, who had sold his interest to Higdon and son, the plaintiffs were entitled to a partition; and if the defendants claimed under Beaver, they would occupy no better position than Beaver. So we are of the opinion that as the case then stood before the court, it was error to grant a nonsuit.          *Judgment reversed.*